KENNETH S. HIXSON, Judge
Appellant Roger D. Becker and appellee Patricia Becker (now McCoy)[1] were married in 1982 and divorced in 2003. There are no minor children of the marriage. The divorce decree, entered on May 20, 2003, divided the parties' property, including Roger's retirement accounts by means of a Qualified Domestic Relations Order. The divorce decree contained the following provisions with respect to alimony:
The Court further considered [Patricia's] request for alimony and after considering all relevant factors, including those recited from the bench in open court, the Court finds that [Patricia] has proven by a preponderance of the evidence that she needs alimony and the evidence has further established that [Roger] is earning sufficient income to demonstrate his ability to pay alimony. The Court further considered whether rehabilitative alimony was appropriate and finds that it is not.... [Roger] should be, and hereby is, ordered and directed to pay alimony in the sum of $ 1059.00 per month beginning May 5, 2003 and continuing on the same day of each month thereafter throughout the life of [Patricia] or upon her subsequent remarriage or upon a sufficient showing of a material and substantial change in circumstances to warrant modification of this award.
On July 6, 2017, Roger filed a petition to modify alimony. In his petition, Roger alleged that he had recently been terminated from his employment. Roger alleged that his unemployment left him without the ability to pay the court-ordered alimony and constituted a material change in circumstances that warranted a modification.
After a hearing, the trial court entered an order on April 2, 2018, denying Roger's *610 request to modify alimony. In its order, the trial court made these pertinent findings:
4. That [Roger] has not challenged [Patricia's] continuing need for alimony and the Court finds that [Patricia] still has an ongoing need for alimony in the sum of $ 1059.00 per month.
5. The Court finds that, while [Roger] is not presently employed, he has the financial resources to continue to pay alimony to [Patricia] as ordered. Accordingly, [Roger's] Petition to Modify Alimony is hereby denied.
Roger now appeals from the order denying his petition to modify alimony. Roger asserts that he no longer has a job and is living off his retirement assets, which were divided upon divorce and subsequently increased in value. Roger argues that the trial court should not have considered his retirement savings in determining his ability to pay, and he contends that by continuing to receive alimony Patricia is getting a windfall by receiving the increased value of marital assets previously divided by the court. We find no error and affirm.
An award of alimony is always subject to modification upon application of either party. Ark. Code Ann. § 9-12-314 (Repl. 2015). Such modification must be based, however, on a change in the circumstances of the parties. Bracken v. Bracken , 302 Ark. 103, 787 S.W.2d 678 (1990). The primary factors to be considered in making or changing alimony are the need of one spouse and the ability of the other spouse to pay. Id. A decision regarding alimony is a matter that lies within the trial court's sound discretion and will not be reversed on appeal absent an abuse of that discretion. Rawls v. Yarberry , 2018 Ark. App. 536, 564 S.W.3d 537.
Roger testified that he was employed as an instructor of ammonia refrigeration at Northwest Technical Institute (NTI) for twenty years before being terminated in June 2017. Roger stated that he was terminated for teaching classes outside of NTI, but he claimed that these classes did not take business away from NTI and that he had periodically taught outside classes the entire time that he worked for NTI. After his termination, Roger filed for unemployment benefits but was denied. He stated that since his termination he has looked for employment in his field but has not been successful.
Roger testified that before being employed at NTI, he worked at Tyson Foods for seventeen years. Roger had a retirement plan with Tyson, which he rolled over into a retirement plan with NTI. At the time of the hearing, Roger had retirement savings of about $ 336,000. In his affidavit of financial means, Roger reported $ 35,000 in a bank account. Roger testified that he recently became eligible for early retirement at age 59 1/2 and that he receives $ 1500 in net monthly retirement income. Roger indicated that his monthly expenses of about $ 2000 exceed his monthly retirement income. Roger asked the trial court to reduce his monthly alimony payments commensurate with his income.
In the trial court's oral findings from the bench, the trial court found that Roger's change in employment and change in income were not voluntary. The trial court stated further that regardless of whether Roger's termination was voluntary, his monthly income was reduced as a result of his termination, but that he has substantial assets available to him. The trial court found that Roger has retirement savings in excess of $ 300,000, of which he has complete control and discretion. The trial court found that Roger's ability to pay alimony was not affected by his termination from employment. The trial court also found that Patricia's need had not been challenged by Roger, so she still had the need for $ 1059 in monthly alimony. The trial *611 court announced that Roger's petition to modify alimony was denied and subsequently entered an order to that effect.
On appeal, Roger argues that the trial court erred in denying his petition to modify alimony based on Roger's termination from his employment. Roger contends that when the alimony was set at $ 1059 per month upon the parties' divorce in 2003, his net monthly income was $ 5295.[2] Roger asserts that his current net monthly income has been reduced to $ 1500 that he receives in early retirement pay, which is insufficient income with which to continue paying alimony.
The trial court found that while Roger is presently unemployed, he has the financial resources, i.e., almost $ 370,000 in retirement savings and other accounts, to continue to pay alimony as ordered. Roger argues, however, that the trial court should not have considered his retirement savings in determining his ability to pay. He asserts that the retirement assets had already been divided at the time of the parties' divorce, and that by continuing to receive monthly alimony Patricia is essentially receiving retirement assets previously divided, resulting in a windfall to her. Roger cites Southerland v. Southerland , 75 Ark. App. 386, 58 S.W.3d 867, for the proposition that if marital property increases in value after a divorce is final, the parties cannot come back and claim a portion of the increased value.[3]
Roger also relies on Honeycutt v. Honeycutt , 2017 Ark. App. 113, 516 S.W.3d 750, which was a case where we affirmed the trial court's order reducing husband's alimony obligation from $ 1700 to $ 800 per month based on changed circumstances. In Honeycutt , husband had lost his previous employment as an international oil-rig electrician and his $ 168,000 annual income due to a worldwide economic collapse in the oil-drilling industry. Notwithstanding husband's loss of employment, wife asserted that she continued to have a need for the $ 1700 in existing alimony, which she claimed could be paid by husband from his retirement account valued at between $ 200,000 and $ 280,000. We affirmed the trial court's order reducing alimony, stating that there was no indication that the trial court failed to consider, under the particular facts of the case, wife's financial need and husband's ability to pay. In that case the trial court and court of appeals considered evidence that, in addition to husband's reduced income since the date of divorce, wife had inherited her father's home, lived with other household members who shared the cost of living, received healthcare through Arkansas' Private Option, and failed to apply for Social Security disability benefits as promised in the divorce decree. We held under those facts that wife had not shown that the trial court abused its discretion by making a decision that was arbitrary or groundless, and accordingly we affirmed the reduction in alimony payments.
It is the appellant's burden to show that the trial court abused its discretion by making a decision that was arbitrary or groundless. Honeycutt, supra. Moreover, alimony must be determined in light of the particular facts in each case. Berry v. Berry , 2017 Ark. App. 145, 515 S.W.3d 164. On the particular facts of this case, we conclude that Roger has not shown that the trial court's decision denying a modification in alimony was arbitrary or groundless.
*612 We have stated that the purpose of alimony is to rectify the economic imbalances in earning power and standard of living in light of the particular facts in each case. Delacey v. Delacey , 85 Ark. App. 419, 155 S.W.3d 701 (2004). As we stated previously, the primary factors to be considered in making or changing alimony are the need of one spouse and the ability of the other spouse to pay. Bracken, supra. This case distinguishes itself from Honeycutt, supra , relied on by Roger in his brief, because in that case there was evidence demonstrating that the wife's need for alimony had diminished since the time of divorce. Here, there was no such evidence, and indeed no allegation, that Patricia did not continue to have a need for $ 1059 in monthly alimony.
Other factors to consider when making an alimony determination are the amount and nature of the parties' incomes, both current and anticipated; the earning ability and capacity of each party; and the extent and nature of each parties' resources and assets. Delacey, supra. In this case, by not modifying the original alimony award, the trial court was not granting Patricia a windfall of the increased value of marital property previously distributed between the parties; it was instead upholding the original alimony award of $ 1059 per month based on Patricia's continuing need for the alimony and Roger's ability to pay from the resources available to him. Because Roger has not shown an abuse of discretion, we affirm the trial court's order finding that Patricia will continue to receive the monthly alimony.
Affirmed.
Harrison and Brown, JJ., agree.

"McCoy" is Patricia's maiden name, which was restored to her upon divorce.

This net monthly income was set forth in a temporary support order entered shortly before the divorce decree.

The record indicates that when Roger's retirement savings were divided upon divorce, they had a value of about $ 86,000; Roger testified that his current retirement savings total $ 336,000.